Thank you. May it please the Court, Your Honor. Justin Sadowski for Petitioner Saadiq Long. You know, normally in a case where a petitioner brings a petition to the court, the petitioner wants to be in that court. In this case, it's unusual. I think that the one thing both parties agree and... Can you hear me? Everything's... Yes, we can hear you. Thank you. Sorry. The one thing everybody agrees on, I think, is that this court shouldn't be hearing this dispute, although obviously for different reasons. I think there might be... I'm not sure, but I'm hoping my friend on the other side would agree that at least part of what the case was that the district court brought to the Fourth Circuit is not covered under 46-110. We obviously believe, and I will go through why none of it is covered by 46-110. But just as a way of background, this case involves claims that Mr. Long is on the... It used to be called the Terrorism Screening Database. I think the government changed the name of it since it wasn't authorized by the government. It used to be called... It's informally known as the Watch List. Within the Watch List, he's annotated as no-fly. In some sense, the no-fly list is a subset of the Watch List. Mr. Long is challenging both. He's challenging his inability to fly because of his placement on the so-called no-fly list and his broader placement on the Watch List. The TSA has no authority to remove somebody from the broader Watch List, even under the revised Lateef provision. We think that part of that case, and I hope my friend on the other side will agree, belongs in the Eastern District of Virginia in the first place. Then if you go through the counts, I think we can find more things. I think we might get less agreement on. The Procedural Due Process Claim, I want to start with. That claim, the Procedural Due Process, the process in this case is called DHS TRIP. It's based on 49 U.S.C. 44926A, where Congress authorized or ordered the Secretary of Homeland Security, now Mr. Mayorkas, to develop a system for people who have been told they cannot fly to redress their concerns and get relief. At least in terms of situations with, I think generally, but certainly within the Watch List, DHS has delegated that to the Terrorist Screening Center, which is a component of the FBI. It's also not congressionally authorized, so I don't know if it's a formal entity, but it's within the FBI. They were the ones who were doing all of the DHS TRIP stuff until the Latif decision made changes to, the government made changes in response to Latif, to people who are on the no-fly list with DHS TRIP. Several of those changes were required. Let me ask you here, under the statute 49 U.S.C. 46110, the jurisdictional issue or the venue issue for the Court of Appeals for the District of Columbia or the Court of Appeals for Residency seems to arise when there's a question about an order from the Secretary of Transportation, TSA, and if I'm understanding correctly, there was a TSA order that put your client on the no-fly list and then a subsequent order that took him off. So, what's the live issue that involves the question with the Court of Appeals of the District of Columbia or another Court of Appeals if your client's no longer on the no-fly list? All right. I do want to correct one thing just for the thing. The TSA does not have a no-fly list. And they've taken your client off. Well, our client has been taken off, but he hasn't been assured under the principles for a voluntary cessation that he will continue to be off because the government continues to claim that he was properly placed on the first place, and there's been no abiding change in policy. That's what the Ninth Circuit held in FICRE 1. In response to FICRE 1, the government filed another letter, much like the letter in this one, I think, almost precisely the letter in this one, and that's being appealed again in FICRE 2, a decision's forthcoming that we feel fairly confident about after all argument, but, you know, one is there's no abiding change of policy, and there's nothing that keeps him from putting that person on the list again, and we don't know, especially since we don't know why they were taken off the list. Now... Well, the TSA has provided a letter and an affidavit that would seem to meet the questions raised for the Ninth Circuit in FERCIE, and they use the same language that the court in that case said was absent. So, if your client is no longer on the no-fly list, what is there left for us to do in this case? First of all, I don't think that the letter does satisfy the requirements in FICRE. FICRE required them to provide an explanation for the facts that led them to remove him off the no-fly list. That's not provided here. FICRE also required that they concede that the placement on the no-fly list was improper. That also didn't happen here. To the contrary, the letter, I believe, that he was correctly placed on the no-fly list, they doubled down on that in this case. So, I don't think there's... The court doesn't need to reach the mootness issue if it doesn't properly have jurisdiction in this case at this time. In our view, the better analysis is to avoid the mootness question entirely and send it back to the Eastern District of Virginia, or if it refers to the D.C. Circuit, and then when the case is before a court properly, that court can decide whether the substantive claims are moot. All right. Anything else? Yes. So, even if you think the... Again, back to the 46110, so the procedural due process claims, which again, we do not believe are moot, those claims, the only as-applied, and the court only applied claims up here, the only as-applied facts relevant to procedural due process is the reasons that were provided by the TSC, not the screening center, not the TSA, for why he was on the no-fly list. Those two reasons were that he received military training, which he did as a U.S. Air Force veteran, and that he... Concerns about a trip to 2015. What exactly it is you want us to do here? We want you to re-transfer the case back to the Eastern District of Virginia. That's all we want you to do. Well, I thought you said you wanted to transfer to D.C. Circuit. I think that's in the alternative argument, is you can transfer it to the D.C. Circuit. So, what are we going to transfer to the D.C. Circuit? You would transfer... I think you would transfer everything that was transferred to you, the whole thing, which I do agree that Judge O'Ready was unclear. I don't know whether he was hoping maybe the court would clarify the scope of what needed to be... of what was and was not covered under 46110, but if someone's going to decide that in the first instance, and it's going to be transferred to the D.C. Circuit, the D.C. Circuit may want to be the one to take the first crack at that. So, you want us to transfer to the D.C. that have not been adjudicated? No, just the claims that were transferred, which from the order was the... count one as applied, count one was substantive due process, count two was procedural due process as applied, count three was the standard APA claim that sort of associates the constitutional claims, and then count four... Well, I mean, if you want us to we wanted the cases to be argued... to be heard in the Eastern District of Virginia because that's where defendants resided, so a different jurisdictional statute. There was some... we have some familiarity with the Eastern District of Virginia, and so we thought that the judges there knowing the watch list a little better would provide a better forum, and that's the plaintiff's prerogative, but if the case is being decided in the first instance, I think we don't think it is. I think the D.C. Circuit might have a... is our choice for strategic reasons that I don't think I even can go into. Do I understand correctly that the District Court has severed the claims in this case? They have severed the claims. They have kept all the facial claims. Severed some claims and sent them to us for lack of jurisdiction. Yes. Right? And has retained others. Yes. So, if we carried out your wish, we would transfer whatever we have to the District of Columbia Circuit. My alternative... There would be nothing more before us, but the District Court would still have the claims that have not been transferred to us. That is correct. And you think that that is required by 49 section 46.110? I, to be honest, don't think 49 U.S.C. 46.110 applies at all to this case. I don't think... Well, what was the role of TSA with respect to your claims? Are you challenging anything the TSA did? I think we're challenging, just like we have claims against DHS, TSA has been... TSA using the watch list and the no-fly list to harm our plaintiff in a variety of ways, including through the no-fly list, but those are orders of the administrator. The placement of the watch list was done by the screening center, and those claims lie against them. As far as the DHS trip process, I'm not even sure the DHS trip process constitutes a... The appeal constitutes an order of the administrator of the transportation administration with respect to security duties and powers designated to be carried out by the administrator of the transportation security administration, because I don't know who designated that. Congress didn't designate that. Congress designated the Homeland Security... I'm trying to find out what did TSA do in this case that you're upset about or complaining about? They told airlines not to allow them to board because somebody else put them on the no-fly list. They issued an order to the airlines? They informed the airlines for the airport airlines not to permit these individuals to fly to, from, or over U.S. airspace. And the airlines have complied with that order, right? Yes. And so that's what you're challenging now. Isn't that clearly under 46.110? No. Why not? Because those are just... We're not... Because we're challenging that as sort of a secondary effect. And it's not, as far as we're aware, an order... The order to do that was not an order of the TSA administrator. That was somebody at a computer terminal doing it. It's a secondary effect. Well, it's still under the authority of TSA, right? I will say, I haven't thought about it this closely. I do not think the TSA is the primary defendant in this case. And I think if the TSA was severed for some reason, our case could almost entirely go forward. Well, other than a final order from the TSA, what... I'm at a loss to understand what it is you want us to do. I'm at a loss to understand why these came to us and what it is you want us to do about it. I mean, what we want you to do is to send it back to the Eastern District of Virginia so we can continue challenging the watch list and the no-fly list. All right. All right. Anything else? If you have no other questions, then I'll reserve the rest of my time for rebuttal. All right. Mr. Waldman? Thank you, Your Honor. May it please the court. My name is Joshua Waldman from the United States Department of Justice, representing the Respondent Transportation Security Administration. The plaintiff was removed from the no-fly list 16 months ago, and he was provided with a declaration... Who removed him? Who removed him? He was removed by the Terrorist Screening Center, which unlike... I think there's an important distinction here to be made. The Terrorist Screening Center, and we don't dispute this, and neither does the other side, makes the initial decision of putting someone on the no-fly list. But when you file the trip redress request and pursue that claim for relief, TSA makes the final ultimate decision on whether to maintain or remove someone from the no-fly list. So what was TSA's role in this particular case? What did they do in this case? In this particular case, the plaintiff filed a DHS trip redress request with TSA, pursued that to the end, and at the end of it, TSA made a final agency decision maintaining the plaintiff on the no-fly list until, of course, recently when he was removed from the no-fly list. But when this claim... Who removed him from the no-fly list? Well, he was removed... The TSA sent a letter informing him that he was removed, and TSC sent a declaration that he was removed from the list and would not be put back on the list based on the currently available information. So your position is that the placement, TSA's placement of him or retention of him on the no-fly list is what is operative here? If we had a live claim, for example, if he was still on the no-fly list, which he isn't, and he brought that claim, that would be the order. The TSA order would be the one that he's challenging. Now, of course... And if that were so, if that's still open issue, that would have to be... Have to go to the DC circuit, right? Well, we think it would go to the courts of appeals, but we think whether or not it should be in this court or the DC circuit is a question of venue that is separate from the question of venue. Well, that's true. The statute blurs the two. I mean, the statute says court of appeals is exclusive jurisdiction, and then it only authorizes two, DC circuit and the resident circuit. And the resident circuit is the 10th circuit, right? Yes, that's my understanding. That's where the plaintiff lives and works, we are not the right place for this, for anything involving the TSA. Is that right? Well, I think that you would not be... I understand the plaintiff's argument that this would not be the appropriate venue, but the venue... What he's asking for is a transfer of venue. And that's... Well, it's also jurisdictional because you... The statute, if you read in the statute fairly, they say courts of appeals are exclusive and the only court of appeals that are qualified, which was a venue issue, is DC circuit or the 10th circuit. Well, I don't... With respect, Your Honor, I don't read that venue provision as being jurisdictional. It's written in the typical way that- No, no. It's a blur. They call it venue, but then they get down to section C, and C says courts of appeals have exclusive jurisdiction to decide these issues. Right. I think the way to resolve that, and I understand the statute is not written in a particularly clear way, separate jurisdiction and venue the way that you might normally do, but I... We don't have jurisdiction, do we? I think you have subject... Well, you have subject matter jurisdiction, but you don't have Article III jurisdiction because I think the claims are moot. Well, that's a different issue. I'll have to ask some questions on that, but- Yes. But I... We have two jurisdictional claims. We have a mootness issue and we have section 46.110. Yes. And I'm addressing 46.110 right now. Okay. If I may, I think it's important to distinguish between the question of whether this court would have subject matter jurisdiction under 46.110 and whether or not it would be the proper venue under 46.110. And what I would ask your honor to do is take a look at the jurisdictional stat 46.110. Before it was recodified in 1994, it existed as what was called section 1486 that was originally enacted in 1958 and continued under 1994. This is discussed in this court's decision in Blitz, that that was the prior statute. That prior statute very clearly sets out that jurisdiction exists in all of the courts of appeals and then has a separate section about venue. And as this court noted in Blitz, when it was recodified, Congress didn't intend any material changes. And although it kind of awkwardly, I would say, smushed those provisions together, this statute has existed since 1958 where the venue provision was different from the jurisdictional provision. So all the courts of appeals have subject matter jurisdiction, but then Congress had a venue provision. And it's our argument that if you thought that this court had subject matter jurisdiction, but not venue, you would ask the question, should I transfer? And is it in the interest of justice to transfer? And partly for the reasons you said earlier. Congress has picked the circuits on that regard. In other words, we can't exercise discretion and overcome the venue when the venue is specific to a particular interest. Congress thought the D.C. circuit is available for anybody, and that's probably because the agencies are in Washington, and picked the circuit where the petitioner resides. But for us to overcome those, it's not, I don't think we're looking at a traditional transfer, a form known convenience type of analysis. Right, your honor. But with respect, I think that venue, if you agree that it's a venue provision, and I think Congress has made that pretty clear, venue has always been a waivable issue. And so even if the plaintiff, for example, if a defendant has an objection to venue, but does not waive it, does not raise that timely, the issue is waived, and the court may hear it How did the district court get the issue, which prompted it to send it up to us? Who initiated the notion that it should be transferred to us? Well, the district court did it, what happened is the party, the government filed a motion to dismiss, and the plaintiff responded, and the district court agreed with the government that at least some of the claims belonged under 46.110 in the court of appeals. And why didn't that preserve the issue completely? Regardless of how we do 46, in other words, the district court had that issue before it, and it decided 46.110. Well, I agree that that issue was preserved, but the question about the choice of venue between the 4th circuit and the 10th circuit, or the DC circuit, was not an issue that was preserved by the plaintiff below. And in fact, if you read the transcript of the hearing on the motion to dismiss at page 30, the question of transfer is brought up by the plaintiff, but they said their only argument was if you transfer to the 4th circuit, and they specifically said the 4th circuit, not all of the claims should be transferred there. That's an opportunity to say, hey, if you're going to transfer, you should go to the DC circuit or the 10th circuit, but they didn't raise that issue, and so I think it was waived for that reason. But we certainly don't think it's in the interest of justice. Well, because I think this is not a clear venue jurisdiction situation. I think the statute, if we were really pressed, could be construed in various ways, and it sort of overlaps venue and jurisdiction. It selects particular courts for venue, but it then says the court of appeals, and it's obviously referring back to section A, the two in play, is exclusive. Your Honor, I would strongly urge you to look at the predecessor statute, section 1486, which did not combine those together in the way that you're talking about, and very clearly parsed out that, and if I could quote it, that the orders, quote, shall be subject to review by the courts of appeals of the United States or the United States courts of appeal from the District of Columbia in a section called order subject to review, and then in a separate subsection called venue said a petition shall be filed in either the DC circuit or where the plaintiff lives or resides. So the Congress there very clearly separated venue from the courts of subject matter jurisdiction. What is your choice? What is your position? I'm not quite sure. Wouldn't it be easier for you to handle this in the DC circuit? Well, I mean, for me personally, it makes no difference to me, but I would say this, Your Honor, for all the reasons you said earlier, the idea of transferring it to another circuit just bifurcates the claims. They're already bifurcated. They've severed by the district court. Well, except that if the ones that remain in the district court, to the extent it has jurisdiction, any appeal would come up to this court, but if you sent some of the claims to the DC circuit or the 10th circuit, there's a real potential for inconsistent judgments on overlapping claims. I don't see how that would be. I mean, if they've been severed and the issues that have been retained by the district court are going to be reviewed, they're going to be reviewed under different statutes and different orders. Well, it'll be the TCA, I mean, the TSC, whatever it is. Well, except Your Honor, the district court purported, and we think this was a mistake, but it purported to take some claims against the no-fly list that were as applied and send them here and keep the facial challenges to the no-fly list in the district court. So you would have an as-applied challenge, say, in the DC circuit and a facial challenge coming up eventually to this court, and we think that that makes very little sense. What do you want us to do? What is your request? What do you want us to do and why? Well, first and foremost, I think you should dismiss this case as moot because we think it's... What do you think to do with his damage claim? He doesn't have a damage claim, Your Honor. He only seeks declaratory and injunctive relief. And that... What's a complaint's reference to damages then? You know, I'm a little bit at a loss to know that, Your Honor. He doesn't state a Bivens claim in the causes of action. There's no damages claim here whatsoever. He wants... If you look at the relief, he asked for declaratory and injunctive relief. And so I don't know that there's any damages claim here whatsoever. So we think... Mr. Waltman, can I ask a... 46-110 would give us jurisdiction with regard to an order of the TSA on the no-fly list. There are other things, and I'm a little fuzzy on what the district court has actually sent up here, but there are more claims. If we reached a mootness issue, it would seem to me that that would only apply to being on the no-fly list, but that there are still other claims that are transferred to this court that that would not resolve. And I would not think that we'd have any authority to send those to the I agree with you that its opinion is a little bit fuzzy, but my understanding of it, and this is in our brief, is that the only claims that were sent here related to no-fly list and not to any other watch list, and those still remain in the district court. Even if there are claims about how he got on the no-fly list or who puts him on the no-fly list, the only thing 46-110 covers is an order from the TSA, and Mr. Long is no longer on the no-fly list. So why does that wipe out all the other claims that are here? We're not arguing that it, well, I don't think those other claims are here. As I said, I think the only claims that are here are the no-fly list claims. We don't contend that his challenges to other watch lists are moot as a result of his removal from the no-fly list, but we think that those remain before the district court, which is why the district court said whatever remains before me, I'm staying waiting until the Fourth Circuit rules on the transfer order. And so we don't, we're not claiming that they're moot, but we're also saying that we don't think they're before this court. The only thing the district court purported to transfer related to challenges to the no-fly list status. Well, why don't we just transfer everything back to the district court and note that it's up to the district court to determine what's covered by 46-10 and of those claims, then decide whether it goes to the DC Circuit or the Tenth Circuit and leave everything else in the Eastern District to be adjudicated there. Well, for a couple of reasons, Your Honor. First, I think the claims, as we keep saying, are moot. So I don't see any reason why you wouldn't just dismiss them as moot, as opposed to transferring them back. You don't transfer claims to a court unless that court has jurisdiction. And since it would not have Article III jurisdiction. What's moot other than the fact that this gentleman is no longer on the no-fly list? Well, those are the claims that were transferred here that we think are moot. He has four claims that were transferred. Speaking in a plural term, either he's on the list or he's not on the list. He's off the list. So what other claims are there? Well, he filed, I think, eight causes of action. Four of them were transferred here. They are counts one, two, three, and five of his complaint, which correspond to substantive due process, procedural due process, APA claims, and equal protection. But all of those claims attack, in different ways, the no-fly list. And that is why the district court transferred them to this court under 46110. Because all of those claims challenge the no-fly list status, which is now moot. All of those claims, as they relate to the no-fly list, should be dismissed as moot. And those are the only claims that are before this court, and the only claims that the district court purported to transfer here. This is no different than the Mockdad decision in the Sixth Circuit, where the plaintiff said, but I have other claims. I'm removed from the no-fly list. They provided the same kind of declaration in that case as is provided here. The Sixth Circuit agreed that it was moot. The plaintiff said, but I have other claims. And the court of appeals in the Sixth Circuit said, the fact that you may have other claims doesn't address whether the no-fly list claims are in moot. And they are moot, because of the removal from the no-fly list, and the declaration that was provided under penalty of perjury. So we think that that's the claims that are before you, and you should just dismiss them as moot, consistent with the Mockdad decision. If we agree with you that the decision to remove the plaintiff from the no-fly list moots that claim, whatever that claim is, why wouldn't we simply just say that, and to the extent that the plaintiff is alleging that there are other claims not covered by that decision, that we would leave it to the district court to sort all of that out. But we wouldn't necessarily dismiss the case in its entirety. We'd simply say, we're sending it back to the district court, and we'll let the district court sort that out. Judge Diaz, that's exactly what I'm asking this court to do. I'm not... You're asking us to dismiss the appeal in its entirety without a direction from this court to transfer whatever claims may remain that are not covered by the, that are not within the scope of the jurisdictional grant, and of course, understanding that we may not even be the proper court. But I would suggest to you that we would simply tell the district court, it's now up to you to figure out what this complaint alleges after we're done here. Well, perhaps I've not been clear, but that is what I'm asking this court to do. I'm not asking you to issue any judgment here on anything other than the claims that the district court purported to transfer here, which was not the entire complaint. But Mr. Waldman, but your colleague on the other side says that those claims are broader than simply whether or not his client remains on the no-fly list, and so that's in dispute. Why shouldn't the district court sort that out? Well, I agree. He's got claims that he says are to different watch lists, and I don't read the district court as having transferred those claims here. The district court said there's challenges to the TSDB watch list, and that he did not transfer here because he did not think jurisdiction lay under 46.10. Well, I think, Judge, I think Judge Diaz's question is coming to this issue is that counts, individual counts in the complaint don't seem to be limited in the scope of what they're claiming, and so when the court transfers something to us in order to grant the relief of finding these claims moot, we might be throwing out claims that are not related to the no-fly list. Oh, sure, Your Honor. I have no problem at all with this court saying we dismiss the claims 1, 2, 3, and 5 for mootness only with respect to their challenge to the no-fly list status, and we leave it to the district court to determine whether there's any live claim and to adjudicate on the merits any challenge to something other than the no-fly list. We have no problem with that kind of order. We don't dispute that that's the proper course, and if I accidentally suggested to the contrary, I did not mean to do so. We only think challenges to the extent they attack the TSA order about the no-fly list are moot, not other watch list claims. I just want to be clear about that. We're not asking the court to dismiss those other claims as moot. And so could I ask you about the mootness issue, because early in the argument, there was a question, I think Judge Niemeyer may have asked it, about whether or not the declaration that was filed is sufficient, assuming we agree with Ninth Circuit, that there are some things the government needs to do before a claim is moot. What's your argument? I mean, it's true, isn't it, that there's no concession that the plaintiff in this case was improperly placed on the no-fly list to begin with, and it may be because the government doesn't think that that's a concession they should grant. Right. No, the declaration does not speak to that question, but the question under the voluntary cessation doctrine is whether the challenge conduct is likely to recur. It's our view that there could be no more direct and binding answer to that question than a declaration signed under penalty of perjury, that the plaintiff will not no-fly list in the future, based on the currently available information. Now, questions like if the government were to repudiate an old status, which we're not doing here, or give some explanation as to its change, that would at best be indirect measurement of whether in the future the conduct would likely to recur. And we don't see why the court would insist on that indirect evidence when there is direct evidence with a declaration under penalty of perjury that directly answers the voluntary cessation question of whether the challenge conduct is likely to be repudiated another day if somebody else wants to change their mind. So it's really not binding, but you have a declaration under penalty of perjury here. That's about the strongest evidence you can have, and it's one where the information goes directly to the question that's relevant for the voluntary cessation doctrine. And that's why we think the Sixth Circuit in Machdad, seeing the same conduct, dismissed his moot, whereas FICRA, the Ninth Circuit, not seeing that declaration, did not dismiss his moot. All right, thank you. Mr. Sadowski? I have another point to respond to my friend on the other side. I want to start out with the TSC was the one who put him on the no-fly list. The TSC is the one, as he said, removed him on the no-fly list. The TSA's only role is— I thought the TSA, he said that the TSA, what really brought it here is you went through an administrative process to remove from the list, and the TSA made the decision to retain him on the list. That's not exactly correct, and that does deserve some explanation. I understand where you're coming from. We brought this lawsuit before he initiated DHS TRIP in 2015. We brought the lawsuit. We, at the time, and I think correctly, argued and believed that under DARBY, there is no need to exhaust. We could challenge the placement of the watch list without challenging the DHS TRIP process because there's nothing in the statutory language that makes the DHS TRIP process the exclusive means for challenging no-fly list placement. We continue to believe that. The court disagreed and denied our preliminary injunction because the court said incorrectly in our view that there was an exhaustion requirement. Maybe we should have asked for a final judgment at that point, but we thought that just going through the process would at least resolve this one-off issue and get us back going sooner. That turned out to be incorrect. It took nearly three years for the DHS TRIP process to resolve itself out, but we challenged the placement of no-fly list before we went that process. We never, in our view, and I think correctly, had to do that in the first place. We could have brought this case without having done that. I don't think doing that voluntarily after Judge O'Grady said it was necessary rather I don't understand any legal theory that would take away our other avenues of challenging the no-fly list. Well, after going around and around with opposing counsel, I think we finally reached a bottom line, at least from what the opposing counsel agreed to, which would be your client's no longer on the no-fly list to the extent that whatever was transferred here challenges him being on the no-fly list. That's moot. Whatever else is left goes back to the district court, and the district court can figure out everything that's left over. What's wrong with that? For one, this case is not moot. Another point I want to get at is my friend on their side said that it is not likely to reoccur. That declaration shows it's not likely to reoccur. We don't know that. We can't know that, and that's the government's burden. Let's get beyond that issue. We know that issue. That's the likelihood of recurrence, and that's the exception, of course, to a mootness doctrine. Let's assume we are satisfied that that would be moot under a couple of these cases that have addressed this issue. What's your answer to Judge Agee's question? If we were to conclude that the placement on the no-fly list is moot, you would then be left with everything else that you're claiming, right? It would. We would be left with everything else that we were claiming. We wouldn't be satisfied. We don't think that we want our no-fly list claims to proceed. We also would note that, A, that might create a conflict with the Ninth Circuit's decision in FICRE 2, which I think is grounds for maybe holding yourself and not making a decision prematurely. Secondly, because that would be based on lack of jurisdiction, that wouldn't be binding on any other court. If Sadiq Long decided to go to the D.C. Circuit, the D.C. Circuit wouldn't be bound by your decision of mootness, and so it wouldn't necessarily resolve anything. All right. Thank you very much. We'll come down to greet counsel in a sense that we're going to greet you right here from our positions. Our normal practice is to come in the well of the court and and that's a tradition of the Fourth Circuit, as you probably both know, and thank you for your argument. So we're doing that now as best as we can, and we'll proceed on to the last case.
judges: Paul V. Niemeyer, G. Steven Agee, Albert Diaz